# Langerwisch's Estate.

*Constitutional law—Title of act—One subject—Actual or constructive intestacy—Local or special act—Change of law of descent or succession—Acts of June 7, 1917, P. L. 429, and July 11, 1917, P. L. 755—Amending act.*

1. The Act of July 11, 1917, P. L. 755, entitled "An act to amend section two, clause (a) of the Intestate Act of one thousand nine hundred and seventeen, approved June 7, 1917, by inserting in the proviso to said clause the words "as to said five thousand dollars in value," making it apply only "to cases of actual intestacy...... and not to cases where the surviving spouse shall elect to take against the will," contains in its title but one subject which is "clearly expressed," and the act does not violate section 3, of article III, of the Constitution.

2. The act is a general law, not a local or special one "changing the law of descent or succession," and does not violate section 7, clause 16, of article III, of the Constitution.

Argued March 8, 1920. Appeal, Nos. 6 and 241, Jan.
T., 1920, by Sarah Langerwisch, from decrees of O. C.
Monroe Co., setting aside report of appraisers and va-
cating their appointment and dismissing exceptions to
adjudication in estate of Diedrich Langerwisch, de-
ceased. Before BROWN, C. J., STEWART, MOSCHZISKER,
FRAZER, WALLING, SIMPSON and KEPHART, JJ. Af-
firmed.

Petition of Sarah Langerwisch, widow of Diedrich
Langerwisch, to appoint two appraisers to appraise, and
set apart for her, property of the decedent to the value
of $5,000, to which she claimed to be entitled. SHULL,
P. J.

The record showed decedent died testate leaving no
issue. The widow elected to take against the will.

The case turned on the constitutionality of the Act of
July 11, 1917, P. L. 755.

The court below held that the act applied only to
cases of actual intestacy and set aside the report of the
appraisers, vacated their appointment, and dismissed
exceptions to the adjudication: 28 Pa. Dist. R. 470. The
widow appealed.

*Errors assigned* were the decrees of the court.

*Wilton A. Erdman,* for appellant.—The proviso is in-
valid because: It contains two subjects, one of which is
not expressed in the title, or, if but one subject (on the
theory that the term intestates includes constructive
intestates), that one subject is not clearly expressed in
the title, as required by article III, section 3, of the Con-
stitution.

In discriminating between estates of actual intestates
and estates of constructive intestates, there is an un-
lawful classification of estates resulting in special leg-
islation regulating succession, forbidden by article III,
section 7, of the Constitution.

*Harvey Huffman* and *W. B. Eilenberger,* for appellee, were not heard.

PER CURIAM, April 19, 1920:

Diedrich Langerwisch died testate February 3, 1919, leaving a widow, but no issue. She elected to take against his will and claimed such interest in his real and personal estate as would have passed to her if he had died intestate. Her claim, disallowed by the court below, was for $5,000 out of her husband's real or personal estate, in addition to the exemption allowed her by law. It was disallowed, because section 2, clause (a), of the Act of June 7, 1917, P. L. 429, as amended by the Act of July 11, 1917, P. L. 755, provides the "clause as to said five thousand dollars in value shall apply only to cases of actual intestacy of husband or wife." On this appeal the sole contention of the appellant is that the amending act is unconstitutional, in that it violates section 3 and section 7, clause 16, of article III, of the Constitution. It is entitled, "An act to amend section two, clause (a), of the Intestate Act of one thousand nine hundred and seventeen, approved June seventh, one thousand nine hundred and seventeen, by inserting in the proviso to said clause the words 'as to said five thousand dollars in value.'" This title contains but one subject, which is "clearly expressed," and the act is a general law, not a local or special one, "changing the law of descent or succession." This is too plain for discussion.

Appeals dismissed at appellant's costs.